

FILED

DEC 2 2 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>JAIME ROSALES-MORA,<br><br>                                    Defendant. | Case No.: 17cr1995-MMA<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 31]<br><br>**DETERMINATION AND DISPOSITION PURSUANT TO 18 U.S.C. § 4241(d)** |

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Criminal Procedure 59, and Criminal Local Rule 57.4.c.9, the Court referred this matter to United States Magistrate Judge Jill L. Burkhardt to conduct a hearing and submit proposed findings of fact and recommendations regarding Defendant Jaime Rosales-Mora's competency to proceed in this case.

No objections having been filed, the Court hereby **ADOPTS** Judge Burkhardt's findings of fact and recommendations and **FINDS** by a preponderance of the evidence

that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As such, Defendant is not currently competent to proceed in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant be committed to the custody of the Attorney General of the United States.

**IT IS FURTHER ORDERED** that the Attorney General hospitalize Defendant for treatment in a suitable facility until his mental condition is so improved that this case may proceed, but in no event longer than four (4) months.

**IT IS FURTHER ORDERED** that a qualified, licensed psychologist or psychiatrist is appointed to examine Defendant and report to this Court as soon as there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit Defendant's case to proceed, but in no event longer than four (4) months.

**IT IS FURTHER ORDERED** that said report must contain at least the following information, pursuant to 18 U.S.C. § 4247(c): (a) Defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; (d) the examiner's opinion as to diagnosis and prognosis; and, (e) whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the case to proceed to trial.

**IT IS FURTHER ORDERED** that said commitment, hospitalization, and examination be at the expense of the United States Department of Justice.

**IT IS FURTHER ORDERED** that the report of said psychologist or psychiatrist be sent no later than **April 23, 2018**, to the undersigned United States District Judge, with copies to Defendant's counsel, L. Marcel Stewart, Law Office of L. Marcel Stewart 600 B Street, Suite 2100, San Diego, California, 92101, and to the United States Attorney's Office (attention Assistant U.S. Attorney Christine M. Ro), 880 Front Street, Room 6293, San Diego, California, 92101.

**IT IS FURTHER ORDERED** that at the expiration of the commitment period, that Defendant be transferred to the Southern District of California unless Defendant is not found to be restorable. If Defendant is not found to be restorable at the end of the treatment period, then: (a) Defendant is to be kept at the treating facility for evaluation pursuant to 18 U.S.C. § 4246; (b) a copy of the certification as to safety must be provided to the Southern District of California, the District of arrest; and, (c) the Attorney General's Office must proceed as appropriate in the District where Defendant is housed at that time in this case.

**IT IS FURTHER ORDERED** that if medical professionals at the treatment facility determine that Defendant must be involuntarily medicated as part of the evaluation process, then prior to any request for court-ordered involuntary medication under *Sell v. United States*, 539 U.S. 166 (2003), they must first conduct an administrative hearing pursuant to *Washington v. Harper*, 494 U.S. 210 (1990) and 28 C.F.R § 549.43 to determine whether involuntary medication is warranted because Defendant is a danger to himself or others. *See United States v. Hernandez-Vasquez*, 513 F.3d 908, 914-15 (9th Cir. 2008).

**IT IS FURTHER ORDERED** that the status hearing previously scheduled for December 26, 2017 is **VACATED** and **RESET** for <u>**April 30, 2018 at 11:00 a.m.**</u> in Courtroom 3D of the Edward J. Schwartz United States Courthouse.

Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that time is excluded until Defendant is deemed competent by the Court, or the case is otherwise disposed of according to law.

**IT IS SO ORDERED.**
DATE: 12/22/2017

HON. MICHAEL M. ANELLO
United States District Judge